Judge Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JUSTIN SOLONDZ, <br> Defendant. | No. CR05-5828RBL <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Andrew C. Friedman and Thomas M. Woods, Assistant United States Attorneys for said District, Defendant, Justin Solondz, and his attorney, Michael C. Nance, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

**1. The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters his pleas of guilty to the following charges contained in the Fifth Superseding Indictment.

    a. Conspiracy, as charged in Count 1, in violation of Title 18, United States Code, Section 371; and

1          b.     Arson, as charged in Count 5, in violation of Title 18, United States Code, Section 844(i).

By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that, before entering his pleas, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.     **Elements of the Offenses.** The elements of the offense of Conspiracy, as charged in Count 1, are as follows:

First, at some time between 1996 and October 2001, there was an agreement between two or more persons to commit the crime of arson, as charged in the Fifth Superseding Indictment;

Second, at some time between 1996 and October 2001, Defendant joined the conspiracy knowing of its object and intending to help accomplish it; and

Third, at some time between May 11, 2001, and October 2001 one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The elements of the offense of Arson, as charged in Count 5, are as follows:

First, Defendant damaged or destroyed, or aided and abetted in damaging or destroying, a building;

Second, Defendant or the person whom Defendant aided and abetted, used fire to do so;

Third, Defendant acted maliciously; and

Fourth, the building was used in interstate commerce or in activity affecting interstate commerce.

3.     **The Penalties.** Defendant understands that the statutory penalties for the offense of Conspiracy as charged in Count 1 are as follows: imprisonment for up to five (5) years, a fine of up to two hundred fifty thousand and no/100 dollars ($250,000.00), a period of supervision following release from prison of up to three years, and a special assessment of one hundred and

no/100 dollars ($100.00). If Defendant receives a sentence of probation, the probationary period could be up to five (5) years.

Defendant understands that the statutory penalties for the offense of Arson as charged in Count 5 are as follows: imprisonment for a mandatory-minimum term of five (5) years up to a maximum of twenty (20) years, a fine of up to two hundred fifty thousand and no/100 dollars ($250,000.00), a period of supervision following release from prison of up to three years, and a special assessment of one hundred and no/100 dollars ($100.00).

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that, if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that, in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of his offenses, as required by law. Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office. Defendant further agrees that the special assessment shall be paid at or before the time of sentencing.

4. **Rights Waived by Pleading Guilty.** Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of his peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

1       e.      The right to confront and cross-examine witnesses against Defendant at trial;

      f.      The right to compel or subpoena witnesses to appear on his behalf at trial;

      g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.      The right to appeal a finding of guilt or any pretrial rulings.

5.    **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

      a.      The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

      b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

1           d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Restitution.** Defendant shall make restitution to the State of Washington in the amount of four million one hundred thirty thousand and no/100 dollars ($4,130,000.00) and restitution to the University of Washington in the amount of one million nine hundred sixty-two thousand, six hundred forty-nine and 95/100 dollars ($1,962,649.95), for a total amount of six million ninety-two thousand, six hundred forty-nine and 95/100 dollars ($6,092,649.95). Defendant shall receive credit against this amount for amounts already paid in restitution. Said restitution shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court. The parties further agree that, to the extent that loss amount is relevant to the determination of Defendant's offense level under the Sentencing Guidelines, six million ninety-two thousand, six hundred forty-nine and 95/100 dollars ($6,092,649.95) is the appropriate loss amount for that purpose.

7. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense

        During 2000 and 2001, Defendant, Justin Solondz, was acquainted with William Rodgers, who previously had committed arsons on behalf of the Earth Liberation Front and/or the Animal Liberation Front. In approximately April 2001, Rodgers told Defendant that he was planning to commit an "action" at the University of Washington, and asked Defendant to participate in the action. This action was to be targeted at the office of Toby Bradshaw, a professor at the University of Washington, whom Defendant understood to be involved in genetic engineering of poplar trees.

        Defendant agreed to participate in the action. Defendant subsequently participated in meetings with Rodgers, Jennifer Kolar, Lacey Phillabaum, and Briana Waters, during which they made logistical plans to set fire to Bradshaw's office. During the day or days prior to the arson, Defendant, along with others, constructed incendiary devices, which were to be used in the arson, in a "clean room" in the garage of a house in which Waters was living. These devices used digital timers to trigger mechanisms that ultimately ignited containers of gasoline.

On the evening of May 20, 2001, Defendant, Rodgers, Phillabaum and Waters drove to Seattle in a rental car. Among other things, they took with them the incendiary devices that Defendant had helped make. This foursome then met with Kolar in Seattle and eventually traveled to the Center for Urban Horticulture. Defendant remained with the car, to serve as the getaway driver and a lookout. Waters hid in some bushes and also served as a lookout. The others used the incendiary devices Defendant had made to set fire to Professor Bradshaw's office within the Center for Urban Horticulture. Defendant then drove the other conspirators away from the area. The incendiary devices subsequently ignited. The resulting fire destroyed the Center for Urban Horticulture.

Professor Bradshaw's research was funded in substantial part by a consortium of lumber companies that hoped the research would have practical application in improving the profitability of poplar farming. The lumber companies that funded Professor Bradshaw's research harvest and sell lumber throughout the United States and abroad. As a result, the Center for Urban Horticulture was a building used in interstate commerce and in activity affecting interstate commerce.

In late 2005, Defendant was traveling abroad and decided to postpone a previously-planned return to the United States. In February 2006, after speaking with Defendant, Defendant's family cancelled Defendant's return flight. Some time later, Defendant learned that other members of the conspiracy had been charged with conspiracy and with committing various arsons in furtherance of the conspiracy. Subsequently, Defendant learned that he, too, had been criminally charged in connection with an arson committed in California and with the arson of the Center for Urban Horticulture.

Defendant's desire to avoid prosecution on these charges was one factor that contributed to his decision to further delay his return to the United States. In early 2009, Defendant was arrested by Chinese authorities. At the time of, and following, his arrest, Defendant declined to identify himself. A fake identification card in the name Isaac Hart was found among Defendant's possessions at the time of his arrest. On occasion, when compelled to sign documents by Chinese authorities, Defendant signed that name, rather than reveal his true name. Defendant declined to identify himself because he knew he was wanted in the United States in his true identity.

8. **Sentencing Recommendation.** The parties agree that they each will recommend that the Court impose a sentence of 84 months' (that is, 7 years') imprisonment, based upon the factors set forth in Title 18, United States Code, Section 3553(a). The parties further agree that they each will recommend that this sentence be consecutive to the criminal sentence that

1  Defendant served in China. Defendant acknowledges that no one has promised or guaranteed
2  what sentence the Court will impose.
3        9.      **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the
4  United States Attorney's Office for the Western District of Washington agrees to move to
5  dismiss Counts 3, 6, and 7 of the Fifth Superseding Indictment at the time of sentencing and not
6  to prosecute Defendant for any additional offenses known to it as of the time of this Agreement
7  that are based upon evidence in its possession at this time, and that arise out of the conduct
8  giving rise to this investigation. In addition, the United States Attorney's Office for the Eastern
9  District of California has agreed that it will dismiss its pending charges against Defendant
10 relating to the October 15, 2001, arson of the Bureau of Land Management, Litchfield Wild
11 Horse and Burro Corrals in Susanville, California.
12       In this regard, Defendant recognizes the United States has agreed not to prosecute all of
13 the criminal charges the evidence establishes were committed by Defendant solely because of the
14 promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of
15 preparing the Presentence Report, the United States Attorney's Office will provide the
16 United States Probation Office with evidence of all conduct committed by Defendant. Defendant
17 agrees that any charges to be dismissed before or at the time of sentencing were substantially
18 justified in light of the evidence available to the United States, were not vexatious, frivolous or
19 taken in bad faith, and do not provide Defendant with a basis for any future claims under the
20 "Hyde Amendment," Pub. L. No. 105-119 (1997).
21       10.     **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant
22 breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and
23 Defendant may be prosecuted for all offenses for which the United States has evidence.
24 Defendant agrees not to oppose any steps taken by the United States to nullify this Plea
25 Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant
26 also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any
27 objection to the re-institution of any charges in the Fifth Superseding Indictment that were
28 previously dismissed or any additional charges that had not been prosecuted.

1   Defendant further understands that if, after the date of this Agreement, Defendant should
2   engage in illegal conduct, or conduct that is in violation of his conditions of release or
3   confinement (examples of which include, but are not limited to: obstruction of justice, failure to
4   appear for a court proceeding, criminal conduct while pending sentencing, and false statements to
5   law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United
6   States is free under this Plea Agreement to file additional charges against Defendant or to seek a
7   sentence that takes such conduct into consideration by requesting the Court to apply additional
8   adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the
9   applicable advisory Guidelines range, and/or by seeking an upward departure or variance from
10  the calculated advisory Guidelines range. Under these circumstances, the United States is free to
11  seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded
12  by the terms of the Plea Agreement.

13   11.   **Waiver of Appeal.** As part of this Plea Agreement and on the condition that the
14  Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or
15  the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the
16  Court at the time of sentencing, Defendant waives to the full extent of the law:

17   a.   any right conferred by Title 18, United States Code, Section 3742 to appeal the
18        sentence, including any restitution order imposed; and
19   b.   any right to bring a collateral attack against the conviction and sentence, including
20        any restitution order imposed, except as it may relate to the effectiveness of legal
21        representation.

22  This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28
23  U.S.C. 2241, to address the conditions of his confinement or the decisions of the Bureau of
24  Prisons regarding the execution of his sentence.

25   If Defendant breaches this Plea Agreement at any time by appealing or collaterally
26  attacking (except as to effectiveness of legal representation) the conviction or sentence in any
27  way, the United States may prosecute Defendant for any counts, including those with mandatory
28  minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

12. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

13. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//

14. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor, except to the extent that Paragraph 9 provides to the contrary with respect to the United States Attorney's Office for the Eastern District of California.

Dated this 20th day of December, 2011.

_____
JUSTIN SOLONDZ
Defendant

_____
MICHAEL C. NANCE
Attorney for Defendant

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
THOMAS M. WOODS
Assistant United States Attorney